| | |
|---|---|
| Scott Alan Burroughs (SBN 235718)<br>scott@donigerlawfirm.com<br>Frank R. Trechsel (SBN 312199)<br>ftrechsel@donigerlawfirm.com<br>DONIGER / BURROUGHS<br>603 Rose Avenue<br>Venice, California 90291<br>Telephone: (310) 590-1820<br>Attorneys for Plaintiff | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA GRANATA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD., a limited company, individually and doing business as "SHEIN"; SHEIN DISTRIBUTION CORP., a Delaware corporation; ROADGET BUSINESS PTE., LTD, a Singapore entity; SHEIN US SERVICES, LLC, a Delaware Corporation; SHEIN TECHNOLOGY, LLC, a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Cecilia Granata ("Granata" and "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. Granata is an individual residing in California.

5. Upon information and belief, Granata alleges that Defendant ZoeTop Business Co., Ltd. ("ZBC"), individually and doing business as "Shein," is a limited entity that is doing business with the State of California.

6. Upon information and belief, Granata alleges that Defendant Shein Distribution Corp., ("SDC") is a Delaware corporation that is doing business with the State of California.

7. Upon information and belief, Granata alleges that Defendant Roadget Business PTE., LTD. ("Roadget") is a Singapore entity that is doing business with the State of California.

8. Upon information and belief, Granata alleges that Defendant Shein US Services, LLC, ("SUSS") is a Delaware limited liability company that is doing business with the State of California.

9. Upon information and belief, Granata alleges that Defendant Shein Technology, LLC ("ST") is a Delaware limited liability company that is doing business with the State of California.

10. On information and belief, Plaintiff alleges that ZBC, SDC, Roadget, SUSS, and ST do business as "Shein." These entities will be referred to herein collectively as "Shein."

11. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Upon information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT DESIGN

13. Prior to the conduct complained of herein, Plaintiff composed an original design, a copy of which is set forth hereinbelow ("Subject Design"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

14. Plaintiff registered the Subject Design with the United States Copyright Office and owns all rights to the Subject Design.

15. Prior to the acts complained of herein, Plaintiff published the Subject Design to the public and marketed and solicited orders relevant to the Subject Design.

16. Following this publication of the Subject Design, Plaintiff's investigation revealed that Shein was marketing and selling products bearing illegal reproductions and/or derivations of the Subject Design.

17. Upon information and belief, Plaintiff alleges that, without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed products that bear artwork identical to or substantially similar to the Subject Design ("Infringing Products").

18. Below is a comparison of the Subject Design with exemplars of the Infringing Products, which feature designs incorporating at least a portion of the unauthorized copy of the Subject Design:

| **Subject Design** |
|---|
|  |

# Infringing Products



19. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the items are substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

20. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) viewing Plaintiff's website, as well as Plaintiff's online profiles, publications, and features; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or Doe Defendants; and (c) fabrics manufactured and sold to the public bearing products lawfully printed with the Subject Design by Plaintiff for its customers.

22. Upon information and belief, Plaintiff alleges that one or more of the Defendants manufactures fabrics and/or is a fabric vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied fabrics to said retailers, which fabrics infringed the Subject Design in that said fabrics featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were illegal derivations or modifications thereof.

23. Upon information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling products which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

24. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

25. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. Upon information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of fabrics featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Products or had agreements requiring the manufacture or

sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

30. Upon information and belief, Plaintiff alleges that each of the retailer Defendants had written agreements with the Doe Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Design affixed to the Infringing Products.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants)

35. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff regularly included copyright management information ("CMI") when publishing her work, which included her name. An exemplar of that CMI is set forth below:



37. On information and belief it is alleged that Defendants, and each of them, removed Plaintiff's CMI from the Subject Design before exploiting the Subject Design on clothing, online, and in marketing materials.

38. On information and belief it is alleged that Defendants, and each of them, appended their own CMI to Plaintiff's Subject Design, products bearing said design, tags attached to products bearing said design, web pages bearing said design, and online content bearing said design.

39. On information and belief it is alleged that Defendants, and each of their, addition of their CMI to any product, material, or content incorporating, in whole or

in part, the Subject Design was false because Defendants do not own any rights or license relevant to the Subject Design.

40. On information and belief it is alleged that Defendants, and each of them, distributed product bearing false CMI, including without limitation, CMI indicating that they held rights in or a license relevant to the Subject Design.

41. On information and belief, Defendants, and each of them, removed Plaintiff's CMI from her work, and appended their false CMI to her work, and distributed false CMI knowingly, intentionally, and with an intent to conceal their own infringement and enable and facilitate their sale of infringing product.

42. The above conduct violates 17 U.S.C. 1202(a) and (b) and Plaintiff resultantly seeks separate statutory damages awards for each violation as well as attorneys' fees any other damages resultant from the violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 504, 17 U.S.C. § 505 and/or 17 U.S.C. § 1203.

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, Copyright Act, 17 U.S.C. § 505 and/or 17 U.S.C. § 1203.

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
f. That Plaintiff be awarded pre-judgment interest as allowed by law;
g. That Plaintiff be awarded the costs of this action; and
h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 25, 2024   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorney for Plaintiff*